# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**FELIX IBARRA-VILLALVA,**

        **Plaintiff,**

**v.**                                  **Civil Action No. 3:07cv39**
                                            **(Judge Bailey)**

**BUREAU OF PRISONS, et al.,**

        **Defendants.**

## REPORT AND RECOMMENDATION

On April 10, 2007, the plaintiff, Felix Ibarra-Villalva, an inmate at USP Hazelton, a federal prison facility located in Bruceton Mills, West Virginia, filed a *pro se* complaint pursuant to 42 U.S.C. §1331. Along with his complaint, the plaintiff filed an application to proceed without prepayment of fees. However, the PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

While incarcerated, the plaintiff has filed at least three civil actions which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may

be granted.[1]  Therefore, based on the strikes plaintiff has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." The complaint filed by the plaintiff does not meet this standard.[2]

For the reasons stated above, it is hereby **RECOMMENDED** that the plaintiff's application to proceed without prepayment of fees (Doc. 2) be **DENIED** and his complaint (Doc. 1) be **DISMISSED WITHOUT PREJUDICE**  pursuant to 28 U.S.C. §1915(g). See Dupree v. Palmer, 284 F. 3d 1234, 1236 (11th Cir. 2002)("The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g).  The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he *initiates* the suit.").

Any party may file within ten (10) days after being served with a copy of this Recommendation, with the Clerk of the Court written objections identifying the portions of the Recommendation to which objections are made, and the basis for such objections.  A copy of such objections should also be submitted to the Honorable John P. Bailey,  United States District Judge. Failure to timely file objections to the Recommendation set forth above will result in waiver of the

---

[1]See, e.g., Ibarra v. WQSU Radio, case no. 4:06cv195 (M.D. Pa. Mar. 8, 2006) dkt. entries 14 (district court dismissal) and 24 (3rd Circuit dismissal of appeal on Feb. 20, 2007); Ibarra-Villalva v.  USP - Allenwood), case no. 4:06cv666 (M.D. Pa. May 5, 2006), dkt. Entries 9, 14 (district court dismissal and 22 (3rd Circuit dismissal of appeal on Jan. 10, 2007); Ibarra v. USP - Allenwood, case no. 1:06cv1160 (M.D. Pa. Feb. 9, 2007).  Each of these district court dismissals pursuant to 28 U.S.C. § 1915(e)(2)(B) counts as a strike for purposes of the § 1915(g) three-strikes bar.

[2]In his complaint, the plaintiff seeks relief against prison officials at USP Allenwood, USP Coleman, and USP Hazelton in connection with alleged denial of access to the courts, invasion of his privacy;  violation of his right "to intimate association" and denial of equal protection.   None of these allegation, even if true, place the plaintiff under imminent danger of serious physical injury.

right to appeal from a judgment of this Court based upon such Recommendation. 28 U.S.C. §636(b)(1); <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91 4 th Cir. 1984), <u>cert. denied</u>, 467 U.S. 1208 (1984).

The Clerk of the Court is directed to mail a copy of this Report and Recommendation to the plaintiff.


DATED:May 1, 2007


/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE