U.S. DISTRICT COURT
FILED AT WHEELING, WV
JUL - 3 2007
NORTHERN DISTRICT OF WV
OFFICE OF THE CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG

FELIX IBARRA-VILLALVA,

        Petitioner,

v.                                      CIVIL ACTION NO. 3:07-CV-39
                                        (BAILEY)

BUREAU OF PRISONS, et al.,

        Respondents.

## ORDER ADOPTING REPORT AND RECOMMENDATION

### I.    Introduction

On this day, the above-styled matter came before the Court for consideration of the Report and Recommendation of United States Magistrate Judge James E. Seibert. By Standing Order entered on March 24, 2000, this action was referred to Magistrate Judge Seibert for submission of proposed report and a recommendation ["R & R"]. Magistrate Judge Seibert filed his R & R on May 1, 2007 [Doc. 6]. In that filing, the magistrate judge recommended that this Court deny the petitioner's application to proceed without prepayment of fees [Doc. 2] and to dismiss without prejudice the Complaint [Doc. 1] from the Court's docket.

Pursuant to 28 U.S.C. § 636 (b) (1) (c), this Court is required to make a *de novo* review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed. **Thomas v. Arn**, 474 U.S. 140, 150 (1985). In addition, failure to file timely objections constitutes a waiver of *de novo* review and the petitioner's right to appeal this Court's Order. 28 U.S.C. § 636(b)(1);

*Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); **United States v. Schronce**, 727 F.2d 91, 94 (4th Cir. 1984). Here, objections to Magistrate Judge Seibert's R & R were due by May 15, 2007, within ten (10) days after being served with a copy of the R & R pursuant to 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b). Accordingly, this Court will conduct a *de novo* review only as to the portions of the report and recommendation to which the petitioner objected. The remaining portions of the R & R to which the petitioner did not object will be reviewed for clear error.

## II. Factual and Procedural Background

On April 10, 2007, the plaintiff, Felix Ibarra-Villalva, an inmate at USP Hazelton, a federal prison facility located in Bruceton Mills, West Virginia, filed a *pro se* complaint pursuant to 42 U.S.C. §1331. Along with his complaint, the plaintiff filed an application to proceed without prepayment of fees. However, the PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

In his complaint, the petitioner seeks relief against prison officials at USP Allenwood, USP Coleman, and USP Hazelton in connection with alleged denial of access to the courts,

invasion of his privacy; violation of his right "to intimate association" and denial of equal protection. None of these allegation, even if true, place the petitioner under imminent danger of serious physical injury.

While incarcerated, the petitioner has filed at least three civil actions which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Therefore, based on the strikes the petitioner has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." The complaint the petitioner filed does not meet this standard. "The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." See **Dupree v. Palmer**, 284 F.3d 1234, 1236 (11th Cir. 2002).

### III. Conclusion

It is the opinion of the Court that the **Magistrate Judge's Report and Recommendation** [Doc. 6] should be, and is, hereby **ORDERED ADOPTED**. Accordingly, the Court hereby **DENIES** the petitioner's application to proceed without prepayment of fees [Doc. 2] and **DISMISSES without prejudice** this matter from the Court's docket.

The Clerk is directed to mail a true copy of this Order to all counsel of record and the *pro se* petitioner.

**DATED:** July 2, 2007.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE