# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
# MARTINSBURG

**FELIX IBARRA-VILLALVA,**

    Petitioner,

v.                                                                      CIVIL ACTION NO. 3:07-CV-39
                                                                               (BAILEY)

**BUREAU OF PRISONS, et al.,**

    Respondents.

## ORDER DENYING PETITIONER'S MOTION TO REOPEN CASE

On this day, the above-styled matter came before the Court for consideration of petitioner's motion to reopen case [Doc. 23]. On April 10, 2007, the plaintiff, Felix Ibarra-Villalva, an inmate at USP Hazelton, a federal prison facility located in Bruceton Mills, West Virginia, filed a *pro se* complaint pursuant to 42 U.S.C. §1331. Along with his complaint, the plaintiff filed an application to proceed without prepayment of fees. However, the PLRA has restricted when a complaint may be filed without prepayment of fees. Specifically, 28 U.S.C. §1915(g) provides as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

None of the allegations in his complaint, even if true, place the petitioner under imminent danger of serious physical injury.

While incarcerated, the petitioner has filed at least three civil actions which were dismissed on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted. Therefore, based on the strikes the petitioner has accumulated, he may not file another complaint without prepayment of fees unless he is in "imminent danger of serious physical injury." The complaint the petitioner filed does not meet this standard. "The proper procedure is for the district court to dismiss the complaint without prejudice when it denies the prisoner leave to proceed *in forma pauperis* pursuant to the three strikes provision of §1915(g). The prisoner cannot simply pay the filing fee after being denied *in forma pauperis* status. He must pay the filing fee at the time he initiates the suit." See **Dupree v. Palmer**, 284 F.3d 1234, 1236 (11th Cir. 2002).

For the reasons states above, it is the opinion of the Court that the petitioner shall not be permitted to reopen this case, which was dismissed by the July 3, 2007, Order Adopting the Magistrate Judge's Report and Recommendation [Doc. 21]. Accordingly, the Court hereby **DENIES** the petitioner's motion to reopen his case [Doc. 23]. Therefore, all motions that were filed after that motion [Doc. 23] are hereby **DENIED as moot**. Additionally, the Clerk is instructed that any new motions or other filings by Mr. Ibarra Villalva shall be filed in a new petition **with the filing fee to be paid** at the time the petitioner initiates his suit.

It is so **ORDERED**.

The Clerk is directed to mail a true copy of this Order to all counsel of record and the *pro se* petitioner.

**DATED:** August 17, 2007.

JOHN PRESTON BAILEY
UNITED STATES DISTRICT JUDGE